```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

New Cingular Wireless PCS, LLC

    v.                            Civil No. 11-cv-388-JL

Town of Stoddard, New
Hampshire, and Zoning Board of
Adjustment of the Town of
Stoddard, New Hampshire

## **O R D E R**

At issue in this case is whether the Town of Stoddard's zoning board of adjustment, in granting rehearing of its decision to approve plaintiff New Cingular Wireless PCS, LLC's application to construct a wireless telecommunications facility, violated § 704(a) of the Telecommunications Act of 1996 by failing to act on the application "within a reasonable period of time." 47 U.S.C. § 332(c)(7)(B)(ii). Central to that question is the so-called "Shot Clock Ruling," in which the Federal Communications Commission ("FCC") adopted guidelines requiring local governments to act on siting applications like New Cingular's within 150 days and pronounced that a failure to act within this time was presumptively unreasonable under § 704(a). See In the Matter of Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(B) to Ensure Timely Siting Review, 24 F.C.C.R. 13994 (FCC 2009). New Cingular's complaint, and the parties' memoranda in support of their respective motions for summary judgment, assume that the Shot Clock Ruling governs this case.

As this court noted in its order on the defendants' motion to dismiss, a recent decision by the Court of Appeals for the Fifth Circuit held that the Shot Clock Ruling was a valid exercise of the FCC's authority, entitled to Chevron deference. See City of Arlington v. FCC, 668 F.3d 229, 247-61 (5th Cir. 2012) (analyzing Shot Clock Ruling pursuant to framework established by Chevron, U.S.A, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)). The parties' memoranda rely upon that decision. On Friday, however, the Supreme Court granted certiorari in City of Arlington, see 568 U.S. —, 2012 WL 4748083 (Oct. 5, 2012), and its decision may ultimately render the Shot Clock Ruling invalid.

Because the parties have proceeded upon the assumption that the Shot Clock Ruling is valid and applicable here, the court is prepared to address the pending motions for summary judgment notwithstanding this recent development. If any party desires some relief as a result of the Supreme Court's grant of certiorari, or an alternative approach, it shall contact the Deputy Clerk no later than the close of business on Friday, **October 12, 2012,** to schedule a conference call with the court. Silence will be construed as implicit assent to the court's resolution of the summary judgment motions within the guidelines set forth in the Shot Clock Ruling.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: October 9, 2012

cc:  Melissa C. Allison, Esq.
     Anne Robbins, Esq.
     Stephen D. Anderson, Esq.
     Jeffrey C. Spear, Esq.
     John J. Cucchi (pro se)
     Anne F. Cucchi (pro se)