```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

New Cingular Wireless PCS, LLC

    v.                              Civil No. 11-cv-388-JL

Town of Stoddard, New
Hampshire, and Zoning Board of
Adjustment of the Town of
Stoddard, New Hampshire

**SUMMARY ORDER**

This case involves the Federal Communications Commission's so-called "Shot Clock Ruling," which interprets § 704(a) of the Telecommunications Act of 1996. Under § 704(a), a local government must act on an application to construct a wireless telecommunications facility "within a reasonable period of time." 47 U.S.C. § 332(c)(7)(B)(ii). Per the Shot Clock Ruling, "a reasonable period of time" is presumptively no more than 150 days, although that timeframe can be extended with the applicant's consent. See In the Matter of Petition for Declaratory Ruling to Clarify Provisions of Section 332(c)(7)(B) to Ensure Timely Siting Review, 24 F.C.C.R. 13994, 14012-13, ¶¶ 45, 49 (FCC 2009). The Town of Stoddard and its zoning board of adjustment approved plaintiff New Cingular Wireless PCS, LLC's application within a deadline consistent with the Shot Clock Ruling. Not long thereafter, though--and after the deadline expired--the board voted to grant rehearing of its approval, see

N.H. Rev. Stat. Ann. §§ 677:2, 677:3, prompting New Cingular to file this action seeking to recover for the defendants' alleged violation of § 704(a). This court has jurisdiction under 28 U.S.C. § 1331 (federal question).

Pursuant to their agreed-upon schedule, see Agreed Proposed Scheduling Order (document no. 30), the parties have now filed cross-motions for summary judgment, each side arguing that the undisputed facts entitle it to judgment as a matter of law. See Fed. R. Civ. P. 56. They have declined oral argument. After careful consideration of the parties' memoranda and the evidence of record, the court denies both motions.

As discussed in this court's ruling on the defendants' motion to dismiss, and as alluded to above, the Shot Clock Ruling creates only a presumption that a local zoning authority's failure to act within its deadlines is "unreasonable" under § 704(a). New Cingular Wireless PCS, LLC v. Town of Stoddard, 853 F. Supp. 2d 198, 203 (D.N.H. 2012). The Ruling explains that "'the State or local authority will have the opportunity, in any given case that comes before a court, to rebut the presumption that the established timeframes are reasonable' based upon the 'unique circumstances in individual cases.'" Id. (quoting Shot Clock Ruling, 24 F.C.C.R. at 14010-11, ¶¶ 42, 44).

The view of the Court of Appeals for the Fifth Circuit, upon which both sides rely, is that the effect of this presumption is to shift to the local zoning authority the burden of producing evidence that its delay was reasonable. See City of Arlington v. FCC, 668 F.3d 229, 256-57 (5th Cir. 2012).[1]  Once it has produced such evidence, "the presumption evaporates, and the evidence rebutting the presumption, and its inferences, must be judged against the competing evidence and its inferences to determine the ultimate question at issue." Id. at 256 (internal quotation marks and citations omitted).  "[T]he ultimate burden of persuasion remains with the wireless facilities provider to demonstrate that the government unreasonably delayed action on an application." Id. at 257.  Thus,

> the wireless provider would likely be entitled to
> relief if it showed a state or local government's
> failure to comply with the time frames and the state or
> local government failed to introduce evidence
> demonstrating that its delay was reasonable despite its
> failure to comply.  But, if the state or local
> government introduced evidence demonstrating that its
> delay was reasonable, a court would need to weigh that

---

[1]The Supreme Court granted certiorari in City of Arlington, see 133 S. Ct. 524, and heard argument on January 16, 2013.  Its decision, which had not yet been issued as of the time of this writing, may ultimately render the Shot Clock Ruling invalid. This court gave the parties the opportunity to request relief in light of this development, see Order of Oct. 9, 2012, but both parties requested that the court proceed to address their motions on the assumption that the Shot Clock Ruling is valid and applicable here.

> evidence against the length of the government's delay--
> as well as any other evidence of unreasonable delay
> that the wireless provider might submit--and determine
> whether the state or local government's actions were
> unreasonable under the circumstances.

Id.; see also Bell Atl. Mobile of Rochester L.P. v. Town of Irondequoit, 848 F. Supp. 2d 391, 399-400 (W.D.N.Y. 2012).

Working within that framework, the court cannot grant summary judgment for either side.  The zoning board, by granting rehearing, effectively vacated its previous approval of New Cingular's application, leaving New Cingular without a conclusive resolution of that application within the Shot Clock Ruling's deadline, as the Ruling contemplates.  See Town of Stoddard, 853 F. Supp. 2d at 203-04, 206.  The defendants have, however, identified evidence that would enable a reasonable finder of fact to conclude that the board's delay in reaching a conclusive resolution was reasonable despite noncompliance with the Shot Clock Ruling's deadline.

Among other things, the record confirms that the board's consideration of New Cingular's application was careful and conscientious (notwithstanding the actions of one of the board members, upon which New Cingular focuses with single-minded intensity), and proceeded at a steady pace without repetitive inquiry into areas already addressed.  Compare N.Y. SMSA Ltd. P'ship v. Town of Riverhead, 45 Fed. Appx. 24, 27 (2d Cir. 2002)

(delay not unreasonable where "the Town made steady progress in acting on the application")[2] with MetroPCS N.Y., LLC v. City of Mount Vernon, 739 F. Supp. 2d 409, 424 (S.D.N.Y. 2010) (delay unreasonable where city "repeatedly request[ed] unnecessary information and belabor[ed] issues already resolved").  The record also establishes that some of the delay in reaching an initial determination on New Cingular's application--which contributed to the lateness of its grant of rehearing--was attributable to New Cingular itself.  Cf. N.Y. SMSA Ltd. P'ship v. Town of Riverhead Town Bd., 118 F. Supp. 2d 333, 341 (E.D.N.Y. 2000), aff'd, 45 Fed. Appx. 24 (2d Cir. 2002) (delay not unreasonable where due in part to requests from provider's counsel); Cellular Tel. Co. v. Zoning Bd. of Adjustment, 24 F. Supp. 2d 359, 365 (D.N.J. 1998), rev'd in part on other grounds, 197 F.3d 64 (3d Cir. 1999) (similar).  And, though New Cingular derides the board's stated reasons for granting rehearing as "spurious"--a characterization that may well be true--the record permits multiple conclusions as to the validity of those reasons.

---

[2]The court recognizes that this case (and others cited infra) predates the Shot Clock Ruling.  Nothing in the Shot Clock Ruling, however, suggests that it was intended to displace pre-existing case law regarding what grounds for delay are, and are not, "reasonable" within the meaning of § 704(a)--nor has New Cingular made that suggestion.

At the same time, however, the record evidence would also justify a reasonable finder of fact's conclusion that the Board's delay was not reasonable. It would be possible to find, for example, that the grant of rehearing "was merely a delaying tactic as a result of vocal opposition" to New Cingular's proposed facility. See Bell Atl. Mobile of Rochester L.P. v. Town of Irondequoit, 848 F. Supp. 2d 391, 402 (W.D.N.Y. 2012). Several board members cited recalcitrant and obstructionist behavior by board member Fred Ward, an opponent of the proposed facility, when resigning from the board, and it is possible to infer that this behavior (and the similar behavior of other community members) similarly motivated the grant of rehearing. As already noted, moreover, "the length of the government's delay" is a factor in determining reasonableness, City of Arlington, 668 F.3d at 257, and here, New Cingular had no final decision on its application in hand over three months after the expiration of the Shot Clock Ruling's presumptively reasonable deadline.[3]

---

[3] The defendants have also argued that New Cingular's suit is barred because it did not file suit "within 30 days after" the expiration of the Shot Clock Ruling's deadline. See 47 U.S.C. § 332(c)(7)(B)(v). As New Cingular notes, it could not have brought an unreasonable delay claim within that time frame--nor would it have had any reason to--because the board had voted to approve its application. See Pl.'s Reply (document no. 58) at 9-10. New Cingular's claim only ripened when the board later voted

The court's inability to grant judgment for either party is largely a function of the posture in which this case now comes to the court.  Because the parties elected to file motions for summary judgment under Rule 56, the court has no license to choose among competing inferences and interpretations of the facts.  See In re Varrasso, 37 F.3d 760, 764 (1st Cir. 1994) ("[T]he undisputed facts require a choice between competing inferences, and, since both inferences are plausible, the choice cannot be made under the banner of summary judgment.").  As the Court of Appeals has counseled, "summary judgment is a useful shortcut leading to final adjudication on the merits in a relatively small class of cases." Stella v. Town of Tewksbury, 4 F.3d 53, 55 (1st Cir. 1993).  This is not one of those cases.

The parties' respective motions for summary judgment[4] are therefore DENIED.  Plaintiff's motion to strike the declaration of Fred Ward[5] is DENIED as moot, as the court did not consider that declaration in rendering this decision.  The parties shall confer and, **on or before April 12, 2013,** shall submit a joint

---

to grant rehearing, causing it to be left without a decision on its application outside the Ruling's deadline.  This action was filed within 30 days of the board's grant of rehearing, and is therefore timely under § 332(c)(7)(B)(v).

[4]Document nos. 44, 47.

[5]Document no. 59.

proposed schedule for the remainder of this case, keeping in mind 47 U.S.C. § 332(c)(7)(B)(v)'s preference for expeditious resolution of Telecommunications Act cases.  Though the court has no opinion as to how the case should proceed, the parties may wish to consider the possibility of trying the case on a stipulated record.[6]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 28, 2013

---

[6]Defendants' counsel appears before this court frequently. As such, the court expects him to be familiar with and observe the local rules of this court.  Counsel is reminded that pursuant to Local Rule 7.1(a)(3), "no memorandum in support of, or in opposition to, a dispositive motion shall exceed twenty-five (25) pages" without leave of court.  Defendants' overlong memorandum in support of their motion for summary judgment violates this rule.  This is not an isolated occurrence; defendants' counsel has exceeded the Local Rules' page limitations at least twice before in cases before the undersigned. See Defs.' Mem. in Supp. of Mot. for Summ. J. (Sept. 4, 2009), Doe v. Friendfinder Network, Inc., No. 07-cv-286; Def.'s Mem. in Supp. of Mot. for Summ. J. (Nov. 30, 2006), USCOC of N.H. RSA #2, Inc. v. City of Concord, No. 05-cv-268.  To be sure, the violations in each of these cases were de minimis.  They nonetheless demonstrate a lack of respect for this court's rules and for opposing counsel who attempt to comply with the court's page limitation requirements.  While the court will take no remedial action for these repeated transgressions, counsel is cautioned that future failures to observe applicable page limitations may result in unfavorable consequences.  See L.R. 1.3(a).

```
cc:   Adam T. Kurth, Esq.
      Melissa C. Allison, Esq.
      Anne Robbins, Esq.
      Stephen D. Anderson, Esq.
      Jeffrey C. Spear, Esq.
      John J. Cucchi (pro se)
      Anne F. Cucchi (pro se)
```